And we move to the next case this morning, case number six, Flynn v. Donnelly. May it please the court, Louis Bertrand on behalf of plaintiffs Flynn and Piro. This is a single issue appeal that this court needs to determine one and only one issue, and that is what of the five possible triggering events is the event that leads to the tolling of the statute of limitations in this case. The plaintiffs have asserted that they were illegally stopped, questioned, interrogated, detained, charged, and incarcerated in violation of their Fourth and Fourteenth Amendment constitutionally protected rights. The five possible triggering events, one would be the arrest. The factual assertions in the complaint certainly do not lead to the conclusion that the defendants or that the plaintiffs at that time should have known that their constitutional rights were being violated. The court, in this case the trial court, granted a motion to suppress, which was appealed to the Third District Appellate Court. The second possible triggering event would have been the court ruling on the motion to suppress. The court's ruling on the motion to suppress, the trial court's ruling on the motion to suppress, was based upon the fact that the police officer was not properly credentialed pursuant to the safe statute. That decision was appealed to the Third District, and the Third District ruled that the entire stop, the entire credentialing, the entire acts of the safe unit were in violation of the applicable statute, and that not only was the officer not properly credentialed, that no officer could be properly credentialed under that statute to do what these officers were doing on the interstate at the time of this particular arrest. That's a state law violation? What's the Fourth Amendment theory here? Excuse me? That's a state law violation? What is the Fourth Amendment theory here? The Fourth Amendment theory is that they were illegally stopped, questioned, interrogated, detained, and incarcerated. Fourth Amendment requires a lack of probable cause, for example. There isn't any shortage of probable cause. This is a state law violation. How does a state law credentialing violation amount to a Fourth Amendment violation? I don't believe it's a state law credentialing violation. I think it is a decision by the Appellate Court and the Supreme Court that the officers that were promulgating these stops didn't have any authority to do what they were doing. Right, under state law. They weren't officers. Correct. How does a state law violation amount to a Fourth Amendment constitutional violation? Well, they were illegally stopped by the officers. Under state law, how does that make this—does it vitiate probable cause? What is the Fourth Amendment theory? Usually, an unlawful arrest claim under the Fourth Amendment attacks the probable cause. This is bootstrapping a state law violation. In this particular case, the officers simply had no authority to make the stop. As a matter of state law. That is the cause of action. As a matter of state law, but the Constitution requires probable cause. Right. An absence of probable cause makes a seizure unreasonable. Or if the detention is prolonged unnecessarily, etc. But we don't have any of that here. I don't have any of that. So, what's the Fourth Amendment violation? I contend that the Fourth Amendment violation is the actual stop itself. But it was illegal under state law. What makes it unconstitutional as a Fourth Amendment matter? It's my position, Your Honor, that the reason that it violates the Fourth Amendment is that they were operating on the interstate under the color of state law. And that they didn't have the ability under the Fourth Amendment to make any stops on the interstate. Well, is there a requirement in the Fourth Amendment that the officers be fully compliant with state law? I think they have to be officers. And in this particular case, the Illinois Supreme Court determined that they weren't even officers. I'm still not seeing the linkage to what the Fourth Amendment requires. And maybe I'm not understanding the question well. A violation of state law does not mean that the seizure was a violation of the Fourth Amendment. I agree. So, what you've got is a violation of state law that these officers did not have the proper credentials to make this arrest as a matter of Illinois law. But they had probable cause. So, there isn't a lack of a reason for the stop. And what the Fourth Amendment requires is an articulable suspicion of a violation of the law. Correct. And then for the arrest, probable cause. And you're not attacking either of those things. I am not. The case is also untimely because there's a two-year statute of limitations and your client's detention ended in 2013. Actually, their detention did not end in 2013. I thought they were released. The arrests were quashed. They were released from custody. On bond. They were released from the terms of their bond. They were on bond, right? Absolutely. They were on bond until the cases were dismissed in 2017. They couldn't leave the state. Their passports were posted with the LaSalle County Circuit Clerk's Office. They had to return for court appearances while these cases were on appeal. They were only released from jail. They weren't released from custody. I guess the way I gather it, you're saying the whole state law is unconstitutional. That's what the Illinois Supreme Court decided. He's a former religious leader, so you blame it on them, huh? Yes. But there was one Illinois appellate court decision prior to that time. Right. As to the constitutionality of it or not. There was not. There was not, no. So the only case that addressed this issue was the Illinois Supreme Court? There was the cases that these two plaintiffs participated in, in the criminal case at the trial court, at the third district, and at the Illinois Supreme Court is the only pronunciation, the only state pronunciation on the validity of the statute. Thank you. Thank you, Counsel. Good morning. May it please the court. My name is Jennifer Turriello, and I'm here today representing the defendants Appellee's Karen Donnelly with Sal County and Daniel Gillette. Just to address one of the points about the release of the two plaintiffs on bond. The complaint in this case actually alleges that they were then allowed to travel back home to their respective residences. So there were, as far as we know it, by virtue of what's been pled in the complaint, there were no restrictions on travel that remained once they were released. There's nothing pled in the complaint about any conditions on the bond that prevented them from doing that. The court certainly didn't set any restrictions as apparent, but the bond itself may have had restrictions. If it did, they're not pled in this complaint. There's no facts. The facts that are pled in this complaint were that both plaintiffs returned to their respective residences, which I believe were in Utah. But it did say they were released on bond. It did. And then that they were allowed to travel back to their residences in, I believe, Utah and Massachusetts are the two states here. I mean, we have two main issues. So there were no bond restrictions on their liberty of movement? That's correct. So when counsel states that they weren't allowed to leave the state of Illinois, that is not, in fact, true, and it's belied by what was alleged in this complaint in this case. They left the state. They did leave Illinois and went back to their respective residences. Some forms of pretrial release can constitute continued seizure depending on the degree of restrictions, but we just don't have any allegations here that there were significant deprivations of liberty of movement. That's correct. That's correct. And they were released on bond after the trial court quashed the arrests, right? That's correct. After the motion to suppress evidence and motion to quash arrests were granted. That's 2013. 2013. November and December. In 2015, the Court of Appeals rules that these officers don't have the authority under the statute. That's correct. That's correct. Yes, that SAFE was illegal, that Mr. Town, the former county state's attorney, had no power to actually create this SAFE unit. But no matter how you slice it, I mean, they're here today saying, you know, my injury, to get around the standard accrual rules, they have alleged, my injury, my constitutional injury is SAFE's lack of authority. And as has already been discussed here, that is not a constitutional injury. A violation of state law does not rise to the level of a constitutional rights violation. So that's one major problem with this claim. And it was an issue that was addressed by the district court, and it found its way into the district court's dismissal order, but it never found its way into plaintiff's brief before this court. It has been a forfeited issue, actually. And the other issue is the time bar issue. We all agree the statute of limitations is two years. The dispute here centers on accrual. If the standard rules of accrual were to be applied, it would be a straightforward result. Claims time barred. To get around that, they're saying, my constitutional injury is that SAFE, the SAFE unit, these special investigators that Brian Towne appointed, lacked authority. And, again, putting aside whether or not that's actually stating a claim for violation of constitutional rights, that argument has several problems. I mean, the first problem, and it ties into that it's not a claim for which relief can be granted, is what did these plaintiffs need to wait to hear from the Illinois Supreme Court on in Ringland to know that their constitutional rights were violated? All the Illinois Supreme Court was talking about was whether or not state law was violated. So that's one issue. And then the other issue is, okay, let's assume for the sake of argument that you've alleged a constitutional injury, that SAFE lacks authority under state law. Well, the plaintiffs back in 2013 successfully moved to quash their arrest and to suppress evidence in their respective criminal cases, making the argument that these SAFE special investigators were not properly credentialed. That's a lack of authority. That's a lack of authority argument. So clearly they knew. They knew about their constitutional injury back in 2013. And even if you don't accept that argument, in 2015, once the case got consolidated with all of the other plaintiffs who took an appeal, or I'm sorry, the state took the appeal in all of these other criminal cases where these motions to quash arrest and suppress evidence had been granted, they all get consolidated under the Ringland moniker. They go up to the Illinois appellate court. Well, in that case there were offenders arguing that the Illinois County Code didn't authorize Mr. Towne to do what he was doing. So there again, we have knowledge of the specific injury that they brought before the court well before two years of when they filed suit. So what was this appellate decision? They were not parties to it. Yes. These two particular plaintiffs were in fact parties to the Ringland appeal. Yes, they were. They were. Right alongside plaintiffs, offenders who were arguing that the Illinois County Code did not authorize Mr. Towne to create safe in the first place. So no matter how you cut it, you know, we think, you know, the district court, you know, pick the most liberal date, you know, as being when the appellate court decided Ringland on June 3rd, 2015 would have been the point at which the time clock started on these claims. You know, we think it could have been earlier than that based on what's pled in the complaint. They want the court, they wanted the district court to say, no, no, no, no. It's when the Illinois Supreme court, some two years later decided Ringland. And that occurred in June of 2017. That the time clock starts on my claims and therefore it's timely. Well, the problem with that argument. Again, putting aside that there's no constitutional rights violation. That's even been pled here. Is that the Illinois Supreme court. I'm sorry. The problem with that argument is that it's completely belied by the fact allegations that are pled, not to mention the information that's out there in the public domain about what these plaintiffs arguments were way back when, when they were before their trial court, their criminal trial court judge, those arguments demonstrate knowledge of the injury that they are claiming is the constitutional rights injury in this case. And just briefly, there's, you know, they are going to, they have, they have said in their briefs that this case is an outlier. It's one to which no precedent applies, but then they cite each of our, which is a case I happen to work on. And I know judge Sykes, you were on that case as I stand here as well. And in that case, there was an argument made for a later accrual that involved allegations that a municipal village had discriminatorily enforced building code violations and had been obstructionist in the issuance of business licenses. And the plaintiff in that case said, similar to what they're saying here, the issue was between when a foreclosure judgment got entered and when a receiver was appointed to manage the day-to-day operations of the retail establishment. That was an issue in that case that had gone under. And the plaintiff in that case said, well, I it's the foreclosure judgment that gave me at that point, I knew I had a certain injury. That argument got rejected in each of our, and it should be rejected here. They're saying the same thing here that I didn't know I had a certain injury until the Illinois Supreme court in Ringland said safe is an illegal operation. You can't be doing this. They're saying the same thing here and it should be rejected here for the same reasons that it was rejected in the each of our case. Absent any further questions from the panel. That's the extent of my remarks for this morning. I appreciate the court's attention and ask that the district court dismissal order in this case be affirmed. Thank you. Thank you. Okay. I want to make sure that the court understands the procedural history of this case. These two plaintiffs were participants in the Ringland appeal that was consolidated at the third district and the Ringland appeal that was consolidated and decided by the Illinois Supreme court. In this particular case, the, this isn't similar to the is your bar case. This is a case where these people's rights were not ultimately determined. I would say even after the Illinois Supreme court rule, when the cases were dismissed, the state could have elected to continue to prosecute these cases. Even after the Illinois Supreme court granted the motion to suppress, if they felt they had enough admissible evidence otherwise, but in this particular case at the very earliest, when the Illinois Supreme court made a decision in this case that the third district would be affirmed was the earliest state that the two-year statute of limitations, in my opinion, should have started to run. I find it a bit disingenuous that the state would argue. We have taken multiple appeals of a trial courts decision and we have delayed the ultimate decision. And now the plaintiffs in this case are time barred because of our legal maneuvers. Thank you. Thank you, counsel. Thanks to both counsel and the cases taken under advisement.